**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**AT PIKEVILLE**

**CIVIL ACTION NO. 20-150-DLB**

**ALFRED DOMENICK WRIGHT**                                              **PETITIONER**


**v.**                          **MEMORANDUM OPINION AND ORDER**


**WARDEN USP HAZELTON**                                              **RESPONDENT**

**\*\*\* \*\*\* \*\*\* \*\*\***

Petitioner Alfred Domenick Wright has re-filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 using the form approved for use by this Court (Doc. # 17) and has filed a motion for leave to proceed *in forma pauperis* (Doc. # 18). However, the financial information filed by Wright in support of his motion indicates that he has sufficient funds to pay the $5.00 filing fee. (Doc. # 19). Thus, Wright's motion will be denied.

Even so, the Court will proceed with the initial screening of Wright's § 2241 habeas petition required by 28 U.S.C. § 2243. *See Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). *See also Alexander*, 419 F. App'x at 545 (applying the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), to habeas corpus petitions).

In his § 2241 petition, Wright challenges restrictions imposed upon him as a result of a prior prison disciplinary conviction.  (Doc. # 17).  Wright is current serving a 140-month federal sentence imposed in 2019 after a conviction for being a felon in possession of firearms and ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a), and 924(e).  *See United States v. Wright*, No. 3:17-cr-01202-MGL-1 (D.S.C. 2017).  Wright previously served a 130-month federal sentence imposed in 2008 after a conviction on one count of using and carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) and one count of possession with intent to distribute and distribution of 5 grams or more of cocaine base and a quantity of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 841(b)(1)(C).  *See United States v. Wright*, No. 3:07-cr-1012-MBS-1 (D.S.C. 2007).

While Wright was serving the sentence imposed in 2008, he received an incident report on July 22, 2010, charging him with inappropriately touching his wife during a prison visit.  (Doc. # 1 at 2).  A Disciplinary Hearing Officer ("DHO") found him guilty of a violation of Prohibited Act Code 205 (engaging in a sexual act) and sanctioned Wright with the loss of 47 days of good time credit, one year of commissary and visitation restrictions, and a disciplinary transfer.[1]  (*Id.*).

According to Wright, after he was released from federal custody in 2014, the Bureau of Prisons ("BOP") began a policy of imposing restrictions on inmates convicted of Code 205 and 206 disciplinary violations as a result of the "Adam Walsh Act."  Wright

---

[1]     Wright does not challenge his prior prison disciplinary conviction in this proceeding. Wright previously filed a § 2241 petition challenging this disciplinary conviction in the United States District Court for the Eastern District of Arkansas.  Wright's § 2241 petition was denied, as the Court concluded that Wright's due process rights had not been violated in relation to the disciplinary proceedings.  *Wright v. Outlaw*, No. 2:11-cv-102-SWW (E.D. Ark. 2011).

states that the restrictions that are now imposed on prisoners with a prior Code 205 conviction include a Public Safety Factor ("PSF") designation, restriction of Corrlink (email) access, the inability to earn additional good time credit otherwise allowed pursuant to the First Step Act, and the inability to be released to a halfway house or to home confinement.  (Doc. # 1).  Wright claims that the imposition of these restrictions on him because of his prior 2010 Code 205 disciplinary conviction violates his Due Process rights and is an improper "ex post facto" punishment because it imposes an additional sanction that was not in place at the time of the 2010 incident.  He also claims that the imposition of these sanctions "creates a 'Double Jeopardy' punishment by creating an additional sanction after the DHO-imposed sanctions were already served." (Doc. # 17 at 5).  Wright also claims that these restrictions are detrimental to his safety because he is unable to be in General Population, and to his mental and physical health because he may not use his C-Pap machine for his sleep apnea for security reasons.  (*Id.*).  Thus, Wright requests that this Court enter an Order removing the "Adam Walsh Act" restrictions imposed upon him as a result of his prior 2010 disciplinary conviction.

First, it is plain from Wright's petition that he filed this case before he fully exhausted his available administrative remedies with respect to his claim.  It has long been the rule that, before a prisoner may seek habeas relief under Section 2241, he must first exhaust his administrative remedies within the BOP.  *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006); *see also Leslie v. United States*, 89 F. App'x 960, 961 (6th Cir. 2004) ("it is well established that federal prisoners are required to exhaust their administrative remedies before filing a habeas corpus petition under § 2241.").

Administrative remedies must be exhausted prior to filing suit and in full conformity with the agency's claims processing rules. *Woodford v. Ngo*, 548 U.S. 81, 92-94 (2006).

Wright's § 2241 petition indicates that he fully exhausted his administrative remedies with respect to the original disciplinary conviction in 2010. Specifically, he indicates that, from July 2009 to July 2010, he filed a BP-10, BP-11, and a § 2241 petition regarding the original incident report and DHO hearing.[2]  (Doc. # 17 at 7).  However, Wright's current § 2241 petition does not challenge his original 2010 disciplinary conviction. Rather, his current claim is that, upon his re-entry to federal custody, the imposition of restrictions on him due to his status as a prior Code 205 disciplinary offender is improper. With respect to this claim, Wright states that he filed a BP-8 and a BP-9 form on June 16, 2020, but received no response. (*Id.*). He states that he again filed a BP-8 and BP-9 in August/September 2020, which was first rejected (he claims improperly) because it had no signature, but was eventually given to his Unit Team. He states that he did not receive a response to this grievance, either. (*Id.*).

However, even if Wright is correct that prison officials failed to timely respond to his BP-8 and BP-9 remedy requests, this failure does not mean that he has fully exhausted his administrative remedies. Rather, 28 C.F.R. § 542.18 provides that "[i]f the inmate does not receive a response within the time allotted for reply, . . . the inmate may

---

[2]    The BOP's Inmate Grievance System requires a federal prisoner to first seek informal resolution of any issue with staff.  28 C.F.R. § 542.13.  If a matter cannot be resolved informally, the prisoner must file an Administrative Remedy Request Form (BP-9 Form) with the Warden, who has 20 days to respond.  *See* 28 C.F.R. §§ 542.14(a) and 542.18.  If the prisoner is not satisfied with the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional Director, who has 30 days to respond.  *See* 28 C.F.R. §§ 542.15 and 542.18.  If the prisoner is not satisfied with the Regional Director's response, he may use a BP-11 Form to appeal to the General Counsel, who has 40 days to respond.  *See* 28 C.F.R. §§ 542.15 and 542.18; *see also* BOP Program Statement 1330.18 (Jan. 6, 2014).

consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.  Thus, the failure to respond to Wright's administrative remedy requests is a constructive denial of his requests, meaning that Wright may then appeal to the Regional Director.  Wright did not do so.  Nor did he appeal to the General Counsel, both required steps of the BOP's Inmate Grievance System.  *See* 28 C.F.R. §§ 542.15 and 542.18. Where, as here, the petitioner's failure to exhaust remedies is apparent upon the face of the petition, dismissal at the pleading stage is appropriate.  *See Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017); *Shah v. Quintana*, No. 17-5053, 2017 WL 7000265, at *1 (6th Cir. July 17, 2017).

More critically, Wright's claim that the imposition of restrictions upon him (including the PSF designation, the restriction of his email access, and his inability to use his C-Pap machine) based on his status as a prior Code 205 offender violates his constitutional rights is not cognizable in this habeas proceeding.  *See Barrie v. Smith*, No. 17-5996, 2018 U.S. App. LEXIS 3738, at *1-2 (6th Cir. Feb. 15, 2018) (PSF designation); *Lose v. Merlak*, No. 4:16-cv-1532, 2016 WL 4079726, at *2 (N.D. Ohio Aug. 1, 2016) (email access); *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (medical treatment).  Wright's concerns relate not to the duration of his sentence, but to the conditions of his confinement, and therefore must be pursued (if at all) as a civil action filed pursuant to 28 U.S.C. § 1331.  *McCrary v. Rios*, No. 08-CV-206-ART, 2009 WL 103602, at *4 (E.D. Ky. Jan. 14, 2009) (because the petitioner's claims challenging his security classification and place of confinement claims "do not challenge the fact of his conviction or the duration of his sentence, they may not be asserted in a habeas corpus petition pursuant to Section 2241 [but are instead] 'conditions of confinement' claims

which may only be asserted in a civil rights action under 28 U.S.C. § 1331."); *see also Wilson v. Williams*, 961 F.3d 829, 837-38 (6th Cir. 2020) (noting that claims challenging fact or extent of confinement are properly brought under § 2241, while "conditions of confinement claims seeking relief in the form of improvement of prison conditions or transfer to another facility are not properly brought under § 2241.") (citing *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013)); *Taylor v. Ives*, No. 11-CV-256-GFVT, 2012 WL 6506995, at *2 (E.D. Ky. Dec. 12, 2012) (collecting cases).  In these circumstances, the Sixth Circuit Court of Appeals has clearly instructed that a "district court should dismiss the § 2241 claim without prejudice so the . . . petitioner could re-file as a [civil rights] claim." *Luedtke*, 704 F.3d at 466 (citing *Martin*, 391 F.3d at 714).

For both of these reasons, Wright's § 2241 petition will be denied without prejudice to his right to assert his claims in a civil rights proceeding.  However, Wright is advised that, before he may file suit in court to challenge an action or decision by jail officials, he must complete, in its entirety, the inmate grievance process and pursue all available appeals under the applicable grievance procedures, which it is evident that he has not done.  42 U.S.C. § 1997e(a).  If an inmate files suit before the prison grievance process is completed in its entirety, the Court will dismiss the case without prejudice.

Accordingly, it is hereby **ORDERED** as follows:

(1)     Wright's motion to proceed *in forma pauperis* (Doc. # 18) is **DENIED**;

(2)     Wright's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (Doc. # 17) is **DENIED WITHOUT PREJUDICE** to his right to assert his claims in a civil rights complaint;

(3)     This matter is **STRICKEN** from the Court's docket; and

(4)     A Judgment will be entered contemporaneously herewith.

This 12th day of January, 2021.



**Signed By:**

**_David L. Bunning_**

**United States District Judge**

J:\DATA\ORDERS\PSO Orders\7-20-150 MOO Denying 17 and 18.docx